Ellen L. STAPLETON, Plaintiff-Appellee,

v.

KAWASAKI HEAVY INDUSTRIES, LTD. and Kawasaki Motors Corp., U.S.A., Defendants-Appellants.

No. 77–2115.

United States Court of Appeals, Fifth Circuit.

Feb. 27, 1980.

Hamilton Lokey, Glenn Frick, Atlanta, Ga., for defendants-appellants.

Harold S. White, Jr., Alfred B. Adams, III, Atlanta, Ga., for plaintiff-appellee.

ON PETITION FOR REHEARING

(Opinion December 17, 1979, 5 Cir., 1979, 608 F.2d 571).

Before GODBOLD, Circuit Judge, SKELTON,* Senior Judge, and RUBIN, Circuit Judge.

GODBOLD, Circuit Judge:

In holding that the jury's answers to interrogatories were not inconsistent we concluded that in answering question 7 the jury could have meant that the motorcycle was not defective in the sense that there was something wrong with it that caused it to be unfit or unsuited for the purpose intended but that defendants should have made greater efforts to warn users of the potential danger in failing to turn the fuel switch to the off position. This failure to warn, we held, was sufficient to hold Kawasaki liable under both negligence and strict liability theories. In their petition for rehearing defendants say that by Georgia law, under a negligence theory, there is no duty to warn where the article is not inherently dangerous, citing *Robbins v. Georgia Power Co.*, 47 Ga.App. 517, 171 S.E. 218 (1933). This argument is foreclosed because the court submitted to the jury for determination the negligence claims as described by plaintiffs, and in so doing the court outlined the failure to warn claim as being a claim that the defendants were negligent in failing to warn the purchaser and the public generally of the motorcycle's unsafe design feature. There was no objection to the submission of negligence based upon failure to warn on the ground that failure to warn applies to only inherently dangerous articles. In fact, the defendants had no objections to the jury charge.

* Senior Judge of the United States Court of Claims, sitting by designation.

Defendants suggest that footnote 2 of our opinion is based upon a misapprehension of the argument to which it refers. Footnote 2 is deleted from the opinion. In all other respects the petition for rehearing is DENIED.