**Shirley J. WATSON, Plaintiff-Appellant**

**v.**

**UNIDEN CORPORATION OF AMER-ICA and Avon Products, Inc.,
Defendants-Appellees.**

**No. 85–8000.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 14, 1985.

Rehearing and Rehearing En Banc
Denied Jan. 9, 1986.

William A. Erwin, Albany, Ga., for plaintiff-appellant.

Edmund A. Landau, Jr., Richard D. Hall, Albany, Ga., for Uniden.

Thomas S. Chambless, Albany, Ga., for Avon.

Before VANCE and HENDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge.

Watson appeals from the district court's granting of summary judgment in favor of both defendants in this products liability suit. We affirm the judgment in favor of Uniden and Avon on the claims of breach of express and implied warranty, and reverse the judgment in favor of Uniden on the claims of negligence and strict liability.

Shirley Watson, an Avon group sales leader, received a Uniden extend-a-phone from Avon as a prize during a promotional scheme. Her husband installed the phone according to the directions provided. He used the phone on several occasions without incident. Later, the phone rang and Mrs. Watson answered it for the first time. As she put the receiver to her ear, it rang again and permanently impaired her hearing.

Mrs. Watson sued Uniden for breach of express and implied warranties, negligence and strict liability. She sued Avon for breach of implied warranty. Both defendants moved for summary judgment and their motions were granted. The district court found that Mrs. Watson's failure to use the phone properly and in accordance with the instructions which accompanied it, not the breach of any express or implied warranties, was the proximate cause of her injury. The court granted Uniden's motion as to the negligence and strict liability counts because it found that Mrs. Watson had assumed the risk of injury by using the phone in a manner contrary to that provided for in the instructions and that the plaintiff's negligence was the proximate cause of the accident.

Avon purchased approximately four thousand of Uniden's extend-a-phones and offered them as prizes to group sales leaders who qualified by signing up the required number of new representatives during a promotional scheme. Mrs. Watson chose the extend-a-phone as her prize. The extend-a-phone has two parts, a base unit and a handset. It is like a telephone except that there is no wire connecting the base and handset, rather radio signals are transmitted between the base and handset. This allows a user to receive calls on the handset up to several hundred feet from the base. The handset has a standby/talk switch which must be used whenever the handset is separated from the base. When the switch is in the standby position the phone will ring. In order to talk, the switch must be shifted from the standby to the talk position. This is explained in the instruction manual which the Watsons received with their phone. The Watsons read the instruction book when they received the phone and Mr. Watson explained the procedure to his wife when he installed the phone. The handset has a sticker on its inside face which reads "CAUTION—LOUD RING. Move switch to talk position before holding receiver to the ear." Unlike an ordinary phone, the speaker in the handset's earpiece produces the ring as well as the caller's voice.

The switch was in the standby position when Mrs. Watson answered the phone. She did not move the switch into the talk position prior to putting the receiver to her ear and the phone rang again, directly into her ear. Mrs. Watson knew she was supposed to move the switch when she answered the phone, she simply forgot to do so. Expert testimony indicates that the loudness of an extend-a-phone's ring is approximately 124 decibels which is enough, when focused directly in the ear, to cause permanent hearing loss. Uniden was aware that the ring could cause injury. Just prior to Mrs. Watson's injury, Uniden began sending more explicit warnings with the phone.

■ We need not tarry long in disposing of the breach of warranty counts asserted against both Uniden and Avon. "The seller is entitled to have his due warnings and instructions followed; and when they are disregarded, and injury results, he is not liable." W. Prosser, *Handbook of The Law of Torts*, § 102, at 669 (4th ed. 1971). Georgia law is settled that one may not recover for breach of express or implied warranty when the product is not used in the normal manner. *See Evershine Products, Inc. v. Schmitt*, 130 Ga.App. 34, 202 S.E.2d 228 (1973). It is undisputed that Mrs. Watson failed to use the phone in a normal manner in accordance with its instructions and warnings. Therefore, the grant of summary judgment in favor of both defendants on these counts was proper.

Turning to the counts alleging negligence and strict liability asserted by Mrs. Watson against Uniden, the district court concluded as a matter of law that even if it should be conceded that Uniden was negli-

gent in some manner in the manufacture of the phone, the warning was sufficient and Mrs. Watson therefore had knowledge of the alleged danger of a loud ring and could have avoided the consequences to herself by simply turning the switch as prescribed by the instructions. Thus her negligence was the proximate cause of her injury. Moreover, since she had read the warning she assumed the risk involved in using the phone in the manner in which she used it.

■ The district court's conclusion of non-liability rests upon the premise that the warning on the headset was adequate as a matter of law. We disagree with this premise and hold that the adequacy of the warning is an issue a jury must decide.

The general rule in Georgia is that questions of negligence and proximate cause, except in plain, palpable and indisputable cases, are solely for the jury, and the courts will decline to decide such questions unless reasonable minds cannot differ as to the conclusions to be reached. *Hercules, Inc. v. Lewis*, 168 Ga.App. 688, 309 S.E.2d 865 (1983). As Chief Judge Godbold said in *Stapleton v. Kawasaki Heavy Indus., Ltd.*, 608 F.2d 571, 573 (5th Cir.1979) *modified on other grounds*, 612 F.2d 905 (5th Cir.1980), "Whether adequate efforts were made to communicate a warning to the ultimate user and whether the warning if communicated was adequate are uniformly held questions for the jury." (citations omitted). Again, we said in *Rhodes v. Interstate Battery Sys. of America*, 722 F.2d 1517 (11th Cir.1984):

> Rhodes' negligence theory is predicated on the principle that a manufacturer or supplier is under a duty to inform potential users of the product of any facts making it dangerous. *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 740 n. 4 (5th Cir.1980). *Reddick v. White Consolidated Indus., Inc.*, 295 F.Supp. 243, 245 (S.D.Ga.1969). This duty may be breached in two ways: (1) failure to take adequate measures to communicate the warning to the ultimate user, or (2) failure to provide a warning that, if communicated, was adequate to apprise the user of the product's potential risks. *Stapleton v. Kawasaki Heavy Indus.,*

*Ltd.*, 608 F.2d 571, 573 (1979), *modified on other grounds*, 612 F.2d 905 (5th Cir.1980). Both of these issues are uniformly held to be questions for the jury. *Id.*

722 F.2d at 1519 (footnote omitted).

Summary judgment is not appropriate unless the moving party demonstrates that there was no genuine issue of any material fact and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Mrs. Watson asserted a claim based upon Uniden's negligent failure to provide a warning reasonably likely to apprise her of the phone's dangerous qualities, and she should be allowed to attempt to persuade a jury to so find. A factual issue exists as to the adequacy of Uniden's means of conveying the warning.

We affirm the order of summary judgment in favor of Uniden and Avon on plaintiff's breach of warranty claims, and we reverse the order of summary judgment on plaintiff's negligence and strict liability claims against Uniden. With respect to the latter claims against Uniden the case is remanded to the district court for further proceedings not inconsistent with this opinion.

AFFIRMED in part, REVERSED in part.