**Stanley Robert HAHN, Jr., Vicki Fowler Hahn, and Stanley Robert Hahn, Jr., as Next Friend and Parent of Valerie Anne Hahn, Plaintiffs-Appellants,**

v.

**STERLING DRUG, INC., Defendant-Appellee.**

No. 85–8898.

United States Court of Appeals, Eleventh Circuit.

Dec. 16, 1986.

Melody R. Hennick, Atlanta, Ga., for plaintiffs-appellants.

Edgar A. Neely, Jr., Richard B. North, Jr., Atlanta, Ga., for defendant-appellee.

Before KRAVITCH and CLARK, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

This is an appeal from the district court order directing the verdict in favor of the defendant-appellee, Sterling Drug Company, Inc. Plaintiffs Stanley and Vicki Hahn sought a recovery on behalf of their daughter, Valerie Anne Hahn, for the injuries sustained by her when she swallowed one and one-half ounces of Campho-Phenique, an over-the-counter topical analgesic sold by the defendant. The parents also sought damages in their own behalf for the emotional distress sustained by them as a consequence of their alleged suffering during the episode when their child was ill. We affirm the district court's ruling that the parents are not entitled to damages under Georgia law for their emotional distress. We, however, reverse the district court's grant of a directed verdict and remand for a new trial.

On December 19, 1982, four year old Valerie Anne Hahn swallowed one and one-half ounces of Campho-Phenique, an over-the-counter topical analgesic. One half hour later, she was convulsing, vomiting, and for a time she stopped breathing. After treatment at the Rockdale County Hospital, she was transferred to the intensive care unit at the Henrietta Eggleston Children's Hospital. After an approximate 24–hour stay in the intensive care unit, Valerie

was released and has suffered no permanent disability from the incident.

Earlier in the evening of the 19th, the Hahns allowed their seven year old child to use Campho-Phenique to treat a cold sore. This child evidently misplaced the lid to the container. There was some speculation that the seven year old administered the medicine to Valerie.

Valerie's parents sued Sterling Drug, alleging that Campho-Phenique was a defective product because the warning on the container was inadequate and for the further reason that the product did not have a child-proof cap. The complaint sounds in tort and strict liability. The district court directed a verdict for the defendant, holding that the warning on the package was adequate and that reasonable men could not arrive at a contrary verdict. The warning label on the defendant's product contains the following:

> WARNING: Keep this and all medicines out of children's reach. In case of accidental ingestion, seek professional assistance or contact a poison control center immediately. DIRECTIONS: For external use: apply with cotton three or four times daily.

Appellants contend that they produced evidence from which a jury could conclude that the danger posed by the product when ingested by small children was great enough to require a more stringent warning. The Hahns rely principally on the testimony of their toxicology expert, Dr. Albert P. Rauber, Professor of Pediatrics at Emory University and also Medical Director of the Georgia Poison Center. Dr. Rauber testified that the warning was very general and that its effect is "watered down" by the fact that the same warning appears on numerous products that are not harmful (i.e., Flintstone Vitamins and Hydrocortisone Cream). Rauber said he was not "satisfied" with the Campho-Phenique label.

The Hahns point to several other facts which could have led a jury to believe that the warning was inadequate. First, the Hahns themselves testified that they had read the label in its entirety and were still unaware that the product could harm their child if ingested. Second, Sterling was aware that many children had been injured after ingesting the product, yet the product continued to use the same warning. Third, the product was known to be quite toxic, and as such it required a more dramatic warning. Fourth, the warning was in a smaller print than other messages on the label. The Hahns say that this was confusing even though the warning was in boldface type. Fifth, the direction "for external use" was not followed by the word "only." Sixth, the label stated that the product may be used on the gums, possibly indicating to a reasonable person that internal use might be acceptable. Seventh, the label was silent as to the possibility of seizures and respiratory failure if taken internally. Eighth, the warning to contact the poison control center was insufficient since it would have been just as easy to put the word "poison" on the label. Also, the warning is said to be more like a "helpful hint meant merely to please and placate a concerned parent and not a clue that the contents of the bottle are poisonous."

Appellee, of course, argues that no reasonable person could find that the warning on the Campho-Phenique label was inadequate. Sterling relies on Dr. Rauber's admission during cross examination that the warning advised a reasonable person that the product was potentially toxic and that ingestion might create "grave danger." The district court agreed. The court below held that both the references to external use and to the poison control center in combination with the reference to keep this and all medicines out of the reach of children were sufficient to convey the message to an average adult that there is a risk of serious harm if the child swallows the medicine.

At oral argument, Sterling's attorneys conceded that they could not refer to the court any case decided in the Eleventh Circuit or in the Georgia courts which held that the adequacy of a product manufacturer's warning is a proper subject for a di-

rected verdict. There are, however, three products liability cases decided in recent years that present the issue of the adequacy of warnings to Georgia consumers. In *Stapleton v. Kawasaki Heavy Indus., Ltd.*, 608 F.2d 571 (5th Cir.1979), *modified on other grounds*, 612 F.2d 905 (5th Cir. 1980), we held that "whether adequate efforts were made to communicate a warning to the ultimate user and whether the warning if communicated was adequate are uniformly held questions for the jury." 608 F.2d at 573.[1] *Stapleton v. Kawasaki Heavy Indus., Ltd., supra* was followed by another Georgia case *Rhodes v. Interstate Battery System of America, Inc.*, 722 F.2d 1517 (11th Cir.1984), and still another case, *Watson v. Uniden Corp. of America*, 775 F.2d 1514 (11th Cir.1985).

 We see no reason to elaborate on this principle of law. Appellee in its argument sought to make a distinction in this case because the Hahns were well-educated, had read the label, undoubtedly understood the meaning of "ingestion," and, according to their testimony, knew of the necessity of keeping medicines away from children. As we understand the decided cases in this area of law, the simple question is whether the warning is adequate, given the unsafe nature of the product. It is appropriate for a jury to determine that adequacy. While the jury may or may not consider the intelligence and experience of the consumer-plaintiff, that does not play a part in our rationale in determining whether or not the question should or should not be presented to a jury. Since our authorities are clear and unanimous, we reverse and remand on the basis of these authorities.

 The court below was correct in ruling that the Hahns were not entitled to recover damages for their emotional distress. "Georgia follows the 'impact rule' which requires that defendant's conduct must result in actual bodily contact to the plaintiff except under circumstances where

the willful act was directed against the plaintiff." *Howard v. Bloodworth*, 137 Ga. App. 478, 479, 224 S.E.2d 122 (1976). In this case, there is no evidence of an "impact" inflicted on Valerie's parents nor any willful act by Sterling toward them.

 Another issue brought up on appeal that is not a basis for our reversal of the district court but may be important on retrial is whether certain documents should have been admitted at trial. Appellant complained that the district court abused its discretion in refusing to admit into evidence a Food and Drug Administration report that compiled statistics of other ingestions of Campho-Phenique, as well as other documents, on the ground that the reports were irrelevant. Evidence is relevant if it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401. It is not clear from the record below whether the plaintiff established that the prior incidents occurred under conditions substantially similar to those of this case, but if upon retrial it develops that the conditions were similar and the evidence of prior accidents might be relevant to either the defendant's notice, the magnitude of danger involved, the defendant's ability to correct known defects, the lack of safety for intended uses, the strength of the product, the standard of care, or the causation, such evidence should not be excluded. *Ramos v. Liberty Mutual Ins. Co.*, 615 F.2d 334, 338–39, *clarified at* 620 F.2d 464 (11th Cir.1980). *See Weeks v. Remington Arms Co., Inc.*, 733 F.2d 1485 (11th Cir.1984).

The district court's grant of directed verdict is REVERSED and the matter is REMANDED for retrial.

---

**1.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.