76597. COPELAND v. ASHLAND OIL, INC. et al.
(373 SE2d 629)

BANKE, Presiding Judge.

Appellant Copeland brought this wrongful death action against the appellees, Ashland Oil, Inc., and John B. Hagler, Jr., to recover for the loss of her daughter, who died from severe burns sustained while utilizing a chemical manufactured by Ashland Oil to remove paint from a concrete floor. Recovery was sought against Ashland Oil on the basis of allegations that it had failed to provide adequate warnings of the danger of the chemical, known as methyl ethyl ketone, on the container in which it was shipped. Recovery against Hagler, who was employed as a sales representative for Ashland Oil, was sought on the basis of allegations that he had negligently failed to provide additional warnings regarding the highly flammable and explosive qualities of the chemical. This appeal is from the grant of the

appellees' motion for summary judgment.

The chemical was shipped by the manufacturer in a 55-gallon drum which was affixed with a warning label containing an illustration portraying flames and stating, in large, bold print, "FLAMMABLE LIQUID." The label contained the following additional warnings in smaller print: "DANGER! FLAMMABLE LIQUID . . . Keep away from heat, sparks and fire . . . Do not transfer to unmarked container. . . . This product is not suitable for use as a general purpose cleaner because of its flammability. . . . Never use welding or cutting torch on or near any container (even empty)—explosions can result."

The chemical being used by the decedent had been purchased by her employer, transferred by a co-employee from its original container to a smaller, unmarked can, and then given to the decedent for use in removing paint from the concrete floor of the employer's factory. The explosion and fire were precipitated by sparks generated by the decedent's movement of a metal scraper across the floor to remove the paint after it had been loosened by application of the chemical. The appellant contends that a jury issue remains as to whether the label affixed to the drum was adequate to provide the necessary warning regarding its combustibility to those who might forseeably need it, and also as to whether appellee Hagler should, in the exercise of reasonable care, have provided additional warnings to the decedent's employer regarding the potential hazards associated with the chemical. *Held*:

1. "Strict liability is not imposed under [OCGA § 51-1-11 (b)] merely because a product may be dangerous. Many products cannot be made completely safe for use and some can not be made safe at all. However, such products may be useful and desirable. If they are properly prepared, manufactured, packaged and accompanied with adequate warnings and instructions, they can not be said to be defective." See *Center Chem. Co. v. Parzini*, 234 Ga. 868, 870 (218 SE2d 580) (1975).

Normally, where a warning has been provided by a manufacturer, "[t]he sufficiency of that warning is for the jury." *Beam v. Omark Indus.*, 143 Ga. App. 142, 145 (237 SE2d 607) (1977). However, the sufficiency of the warnings provided in the present case is apparent as a matter of law. The label affixed to the outside of the drum clearly and graphically advised that the chemical was both flammable and explosive and that it should not be exposed to sparks. Additionally, it was shown that the manufacturer had supplemented the warnings contained on the label by providing additional safety data to the purchaser on a periodic basis, advising caution when using the product around ignition sources such as sparks. We can conceive of no additional steps the manufacturer could reasonably have taken to warn of

the potential for danger. Certainly, it could not be expected to monitor or prevent the transfer of the chemical to other containers by the purchaser. Under the circumstances, we hold that the evidence of record negates the appellant's allegation that the manufacturer failed to provide adequate warning of the product's potential danger.

2. From our conclusion that the warnings provided by the manufacturer were adequate as a matter of law, it necessarily follows that Hagler was under no duty to provide additional warnings.

*Judgment affirmed. Birdsong, C. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

What is crucial as I view it is that the Material Safety Data Sheets expressly warned of the very properties which plaintiff contends were absent on the label: 1) that the *vapor*, and not only the liquid, could explode; 2) that the vapor could pool because of its weight; 3) that the vapor itself could be ignited by so minor a thing as a spark produced even by a means other than fire, because of its low ignition or flash point (20 degrees fahrenheit).

The label stated: "Contact employer for additional handling instructions and for Material Safety Data Sheet." The employer was given the sheets. I agree that these warnings fulfilled the duty of the manufacturer to warn, as a matter of law.

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED SEPTEMBER 23, 1988

*David F. Walbert, David H. Bedingfield*, for appellant.
*Ben L. Weinberg, Jr., Deborah R. Heyman*, for appellees.