**Charles SHECKELLS, Natural Father and Guardian of The Person of John R. Sheckells, An Incapacitated Adult, Plaintiff–Appellant,**

*v.*

**AGV–USA CORPORATION, Defendant,**

**AGV, S.P.A., Defendant–Appellee.**

**No. 92–8646.**

United States Court of Appeals, Eleventh Circuit.

April 8, 1993.

Guy E. Davis, Jr., Atlanta, GA, for plaintiff-appellant.

J. Robert Persons, Robert E. McLaughlin, Lord, Bissell & Brook, Atlanta, GA, Rudolph V. Pino, Jr., John F. Schutty, White Plains, NY, for defendant-appellee.

Before FAY and BIRCH, Circuit Judges, and KAUFMAN *, Senior District Judge.

BIRCH, Circuit Judge:

Plaintiff Charles Sheckells ("Sheckells"), the natural father and guardian of John Sheckells, an incapacitated adult, appeals from the grant of summary judgment in favor of AGV, S.p.A ("AGV"), a defendant in the underlying product liability action. The grant of summary judgment in favor of AGV is AFFIRMED IN PART and REVERSED IN PART.

## I. BACKGROUND

John Sheckells was injured when he lost control of his motorcycle after striking debris in the road.[1] At the time of the accident, he was wearing a helmet manufactured by AGV. On behalf of his son, Sheckells filed suit against AGV and AGV-USA,[2] alleging that the helmet was defectively designed and manufactured and that the defendants failed to warn that the helmet would not afford any significant protection from certain reasonably foreseeable impacts. On appeal, Sheckells has abandoned his theory of defective design and appeals the judgment only upon the failure to warn theory.

When purchased, the helmet contained a warning label affixed to the inside of the helmet, stating in substance that "some reasonably foreseeable impacts may exceed this helmet's capability to protect against severe injury or death." R2–Burton Depo. at 88. In addition, the helmet was packaged with a consumer notice that informs the purchaser that "[y]our helmet is the single most important piece of safety equipment you own and should be treated as such." *Id.*, Ex. F. The notice further states that "NO HELMET, including your AGV helmet, can protect the wearer against all foreseeable impacts" and that "NO WARRANTY OR REPRESENTATION IS MADE AS TO THIS PRODUCT'S ABILITY TO PROTECT THE USER FROM ANY INJURY OR DEATH. THE USER ASSUMES ALL RISKS." *Id.*

In opposition to summary judgment, Sheckells offered the deposition testimony of Dr. Joseph L. Burton, the Chief Medical Examiner for the City of Atlanta.[3] With regard to the failure to warn claim, Dr. Burton testified that Department of Transportation and Snell Memorial Foundation impact tests are conducted at speeds of only 15 to 20 miles an hour and that no motorcycle helmet marketed today provides any assurance of protecting the wearer from facial or brain injury at speeds of 30 or 45 miles an hour. Further, he opined

---

decided by the former Fifth Circuit before October 1, 1981.

* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

1. As recognized by the district court, the parties dispute whether John Sheckells's head struck a county right-of-way post or collided with the ground. Based on several estimates contained in deposition testimony, he was traveling somewhere between 45 and 60 miles an hour at the time of the accident.

2. The district court correctly granted summary judgment in favor of AGV-USA on the ground that the undisputed evidence shows that AGV-

USA did not manufacture the helmet and was not part of the chain of distribution.

3. Although the district court stated that Dr. Burton's competency to testify as an expert on manufacturing or design defects in motorcycle helmets was at issue, the court accepted Dr. Burton as an expert for the purposes of the summary judgment motion. We note that, in addition to his medical expertise, Dr. Burton has considerable experience riding motorcycles and has studied head injuries associated with motorcycle accidents both during his fellowship in forensic medicine in Miami and in his capacity as medical examiner. For the purposes of reviewing the summary judgment, we assume Dr. Burton's expertise.

that the average purchaser of a helmet would not know these facts.

The district court entered summary judgment in favor of AGV on the failure to warn theory on the ground that it was open and obvious that the AGV helmet would not protect an operator traveling at 30 to 45 miles an hour. Sheckells appeals the grant of summary judgment.

## II. DISCUSSION

■ Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on AGV's motion, the district court was required to view the evidence in the light most favorable to the plaintiff. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). AGV urges that under Georgia law summary judgment is appropriate based on the open or obvious nature of a product-related hazard in "plain and palpable cases." *Coast Catamaran Corp. v. Mann,* 171 Ga.App. 844, 321 S.E.2d 353, 357 (1984), *aff'd,* 254 Ga. 201, 326 S.E.2d 436 (1985). As discussed below, we do not consider that this case is either plain or palpable under Georgia law. Whether a factual issue is to be determined by the judge on motion for summary judgment or by the trier of fact after the presentation of evidence, however, is a procedural issue governed by federal law.[4]

■ In this diversity action, AGV's duty to warn of hazards posed by the use of its products is determined by Georgia

law. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Georgia law, a manufacturer is subject to liability for failure to warn if it "(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous." *Greenway v. Peabody Int'l Corp.,* 163 Ga.App. 698, 703, 294 S.E.2d 541, 545–46 (1982) (quoting Restatement (Second) of Torts § 388). Georgia law imposes no duty on a manufacturer to warn of a danger associated with the use of its product if that danger is open or obvious.

> [T]here is no duty resting upon the manufacturer or seller to warn of a product-connected danger which is obvious, or of which the person who claims to be entitled to warning knows, should know, or should, in using the product, discover.

294 S.E.2d at 546 (quoting Annotation, *Products Liability—Duty to Warn,* 76 A.L.R.2d 9, 28–29 (1961)).[5]

■ At his deposition, Dr. Burton testified that, although no motorcycle helmet on the market today would provide any assurance of protecting an operator from facial or brain injury at a speed of 30 to 45 miles an hour, "the average buyer of a helmet would not know that." Burton Depo. at 66–67. Dr. Burton also testified that representations made by vendors of motorcycles and helmets may lull a purchaser into a false sense of security regarding the amount of protection provided by a helmet. Dr. Burton concluded that, in order to dis-

---

**4.** In *Owens v. International Paper Co.,* 528 F.2d 606, 611 (5th Cir.1976), the former Fifth Circuit "rejected ... attempts to apply state procedural rules to the judge-jury relationship in federal court." *See, e.g., Ford v. Citizens & Southern Nat'l Bank,* 928 F.2d 1118, 1121 (11th Cir.1991) (federal law determines whether plaintiff was entitled to jury trial on factual questions regarding settlement entered by attorney); *Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1577–78 (11th Cir.1990) (federal law determines whether dissenting shareholder has right to jury trial in stock appraisal rights action). *See also Reinke*

*v. O'Connell,* 790 F.2d 850 (11th Cir.1986) (Fed. R.Civ.P. 56(c), not Georgia rule, determines whether defendant's affidavits were sufficient to support summary judgment against plaintiff).

**5.** As formulated by this court in *Wilson v. Bicycle South,* 915 F.2d 1503, 1507 (11th Cir.1990), Georgia's "open and obvious rule states that a product is not defective if the peril from which injury could result is patent or obvious to the user."

pel this impression, some warning should accompany the helmet to educate the user that the helmet provides no significant protection at speeds exceeding 30 to 45 miles an hour. Thus, Dr. Burton's deposition, viewed in the light most favorable to the plaintiff, suggests that the failure of a motorcycle helmet to protect the wearer at speeds over 30 to 45 miles an hour is not an open or obvious danger.

AGV presented no evidence tending to show that it is open or obvious that its helmet would not protect the wearer at speeds of 30 to 45 miles an hour. That the parties' experts agree that no helmet currently marketed could protect a wearer traveling at speeds of 45 miles an hour does not mean that this fact is patent to a purchaser. Presumably, these experts are "expert" for the reason that they possess knowledge not generally shared with the public. As noted by the *Greenway* court, the focus of the open or obvious danger rule is upon "those for whose use the chattel is supplied." 294 S.E.2d at 545–46.

The district court relied on several Georgia cases for the proposition that "it is a matter of common knowledge that operating a motorcycle carries with it certain inherent dangers." R2–47–15 (citing *Barnes v. Harley–Davidson Motor Co.*, 182 Ga.App. 778, 357 S.E.2d 127 (1987) and *Hunt v. Harley–Davidson Motor Co.*, 147 Ga.App. 44, 248 S.E.2d 15 (1978)). While recognizing the inherent hazard of operating a motorcycle, these cases do not establish as a matter of Georgia law that safety precautions, such as a helmet, openly and obviously provide insignificant protection at speeds of 30 to 45 miles an hour. Further, those cases where the Georgia courts have concluded that a peril associated with a product is open or obvious suggest that summary judgment was inappropriate based on the factual record before the district court. The Georgia courts have determined that, under certain circumstances, operating a product without the safety features included by the manufacturer is an

open or obvious hazard. *See, e.g., Weatherby v. Honda Motor Co.*, 195 Ga.App. 169, 393 S.E.2d 64, 67 (1990) (danger in operating motorcycle with uncapped fuel tank is open and obvious). Additionally, the Georgia cases reveal that the observable absence of a safety feature is likely to be considered an open and obvious danger. *See, e.g., Barnes*, 357 S.E.2d at 130 (operating motorcycle with dim headlamp and no crash bars is open or obvious hazard); *Hunt*, 248 S.E.2d at 16 (absence of crash bars on motorcycle is open and obvious); *Poppell v. Waters*, 126 Ga.App. 385, 190 S.E.2d 815, 817 (1972) (open and obvious that riding bicycle at night without headlight or front reflector is dangerous).[6] In each of these cases, however, the absence of the safety feature in question was apparent to the purchaser by a simple visual inspection. By contrast, it is not obvious from an observation of the AGV helmet that this product provides only minimal protection against collision when the motorcycle is operated at speeds of 30 to 45 miles an hour. Conceivably, a purchaser might expect more from "the single most important piece of safety equipment" that he or she owns. R2–Burton Depo., Ex. F. Further, Dr. Burton's testimony suggests that the limited degree of protection afforded by wearing a helmet is not common knowledge. The evidence presented by the plaintiff was sufficient to raise an issue of fact regarding the open or obvious nature of this hazard. Thus, in granting summary judgment for AGV with respect to the failure to warn claim, the district court erred by resolving a material and genuinely disputed issue of fact against the plaintiff.

AGV further contends that summary judgment was appropriate based on either of two issues not reached by the district court. First, AGV argues that John Sheckells did not read the allegedly inadequate warnings, and, thus, the failure to warn was not a proximate cause of his injuries. AGV relies on John Sheckells's deposition testimony that he did not remember reading the warning label affixed to the helmet

---

**6.** Similarly, in *Wilson* we held that the failure of a bicycle helmet to protect those portions of the head that it did not cover was an open or obvious peril under Georgia law. 915 F.2d at

1507–08. As noted in that opinion, however, "[h]ad appellant, somehow, been unaware that the helmet only partially covered her head, the result might be different." *Id.* at 1508.

or the literature that was packaged with the helmet. John Sheckells did not testify that he did not read the warnings, only that he did not *remember* doing so. Based on the factual record before the district court, it is possible that this failure to remember was due to his memory loss, suffered as a result of the accident. Additionally, Charles Sheckells testified at his deposition that he discussed the consumer warnings with his son at the time the helmet was purchased. Therefore, there is a genuine dispute of material fact as to proximate cause, and summary judgment is inappropriate.

AGV also maintains that summary judgment was proper since the warnings included with the helmet were adequate as a matter of law. The district court did not reach this issue. The consumer information packaged with the helmet explains that no helmet "can protect the wearer against all foreseeable impacts." R2–Burton Depo., Ex. F. While this warning informs the purchaser that certain foreseeable impacts exceed the helmet's capacity to protect the wearer, it falls short of informing the purchaser that the helmet will not provide any significant degree of protection at speeds of 30 to 45 miles an hour. Dr. Burton's testimony, viewed in the light most favorable to Sheckells, establishes a lack of consumer awareness of the degree of protection provided by a helmet at median and high speeds. AGV has not, at this stage of the litigation, proffered sufficient facts to show that this warning was sufficient as a matter of law.

The consumer information sheet also informs the purchaser that no warranty or representation is made as to the helmet's ability to protect the user from any injury or death and that the user assumes all risks. AGV contends that this statement, couched in language typically used in disclaimers of legal responsibility, also serves as a warning to purchasers. Whether this language was sufficient to warn the user

that the helmet, which was described in the consumer information as "the single most important piece of safety equipment you own," would provide no significant protection at speeds of over 30 to 45 miles an hour is, at this stage of the proceeding, a disputed issue of fact.[7]

### III. CONCLUSION

The grant of summary judgment in favor of AGV is AFFIRMED with regard to the claim of defective design or manufacture. In granting summary judgment on the failure to warn theory, however, the district court erred by resolving a disputed and material issue of fact regarding the open or obvious nature of the limited protection provided by AGV's helmet. Summary judgment on the failure to warn claim is therefore REVERSED.

---

7. *See, e.g., Hahn v. Sterling Drug, Inc.,* 805 F.2d 1480, 1483 (11th Cir.1986) (jury issue as to whether warnings included with topical analgesic were sufficient under Georgia law); *Watson v. Uniden Corp. of America,* 775 F.2d 1514, 1516 (11th Cir.1985) (under Georgia law, issue of material fact existed as to adequacy of warning

on headset of cordless telephone). *Cf. Copeland v. Ashland Oil, Inc.,* 188 Ga.App. 537, 373 S.E.2d 629, 630 (1988) (warning adequate as matter of law where consumer material packaged with product warned of very hazards that plaintiff contended were not mentioned on product label).