Will **BERKNER, as the administrator of the estate of Carol Berkner; Carolyn G. Montcalm Smith; and Joseph Montcalm, as guardian of Joseph C. Montcalm, Plaintiffs,**

v.

**BELL HELMETS, INC., Defendant.**

**Civ. No. 1:92–CV–716–JEC.**

United States District Court, N.D. Georgia, Atlanta Division.

April 22, 1993.

Harris P. Baskin, Jr., Baskin & Baskin, Marietta, GA, Irwin Marc Ellerin, Heidi Koch, Ellerin & Assoc., Atlanta, GA, for plaintiffs.

Jonathan M. Engram, Swift, Currie, McGhee & Hiers, Atlanta, GA, for defendant.

## ORDER

CARNES, District Judge.

This case is presently before the Court on defendant's motion for summary judgment [# 12–1], plaintiff's motion for oral argument [# 18–2], and plaintiff's motion for leave to file response to defendant's reply brief [# 18–1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's motion for summary judgment should be granted, plaintiff's motion for oral argument should be denied, and plaintiff's motion for leave to file a response to defendant's reply brief should be denied.

### A. *Facts*

On December 9, 1987, a vehicle driven by Vipin Majmundar collided with Carol Berkner while she was riding her bicycle. Carol Berkner was riding a Motobecane/MBK bicycle northbound in the right curb lane on Buford Highway in DeKalb County, Georgia, when Majmundar turned left from the center lane into her path. The accident occurred at approximately 1:45 p.m. in the afternoon. At the time of the accident, Carol Berkner was wearing a black V–1 Pro bicycle helmet manufactured by Defendant Bell Helmets. Carol Berkner died at Georgia Baptist Hospital on August 21, 1988, after being hospitalized for eight months.

Plaintiffs contend that the helmet manufactured by defendant Bell Sports was defective because it lacked conspicuity. Plaintiffs assert that defendant negligently designed the helmet, that defendant is strictly liable for the defective helmet, and that defendant failed to warn customers of the helmet's lack of conspicuity. Defendant has moved for summary judgment against all of plaintiffs' claims.

### B. *Standard for Summary Judgment*

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249–50, 106 S.Ct. at 2510–11.

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Rule 56 of the Federal Rules of Civil Procedure *mandates* the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of *every* element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53.

The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323, 106 S.Ct. at 2552–53. However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-mov-

ing party's case." *Id.* at 325, 106 S.Ct. at 2554. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleading" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553. While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2510.

## C. *Discussion*

 Plaintiffs base their complaint upon theories of strict liability and negligence. Defendant has moved for summary judgment on the basis of the "open and obvious rule." Under Georgia law, the open and obvious rule provides that a product is not defective if the peril from which injury could result is patent or obvious to the user. *Wilson v. Bicycle South, Inc.,* 915 F.2d 1503 (11th Cir. 1990). A manufacturer also has no duty to warn of a product-connected danger that is obvious. *Stodghill v. Fiat–Allis Constr. Machinery, Inc.,* 163 Ga.App. 811, 295 S.E.2d 183 (1982). Defendant contends that the helmet's lack of conspicuity was obvious to any person who looked at the helmet, because the helmet was black.

 Defendant refers the Court to an Eleventh Circuit case applying Georgia law to the open and obvious features of a bicycle helmet. *Wilson v. Bicycle South, Inc.,* 915 F.2d 1503 (1990). The plaintiff in *Wilson* bought a bicycle helmet that covered the top half of her head, coming down to about the top of her ears. Plaintiff sustained injuries in a fall from a bicycle to the area of her head that would have been covered by a full helmet, and she brought suit against the manufacturer of the helmet. The Eleventh Circuit held that the extent of the coverage was an obvious characteristic of the helmet that created no hidden peril and did not

prevent the helmet from functioning properly for the purpose for which it was designed. *Wilson,* 915 F.2d at 1507.

Defendant also cites a Maryland Court of Appeals case in which the court upheld summary judgment on plaintiff's claims of negligence and strict liability because it was obvious that the black color of the plaintiff's motorcycle was not as conspicuous as a lighter color. *Kremann v. Faunteroy,* 1988 Prod. Liab.Rep. (CCH) ¶ 11,850, 1988 WL 286072 (Md.Ct.App. Mar. 23, 1988). The court stated that: "It is unquestionable that an all black motorcycle would not be as reflective as either a lighter colored motorcycle or a motorcycle equipped with reflective material." *Id.* Additionally, the court noted that the plaintiff could have chosen a color other than black for his motorcycle. The court held that "[t]he only rational conclusion that an ordinary intelligent person could draw is that the lack of conspicuity ... [was] an obvious and patent danger." *Id.*

Plaintiff, nonetheless, maintains that under the Eleventh Circuit's recent decision in *Sheckells v. AGV–USA Corp.,* 987 F.2d 1532, 1534–35 (11th Cir.1993), a question of fact remains concerning whether it was obvious that a black bicycle helmet lacks conspicuity. In *Sheckells,* plaintiff contended that a motorcycle helmet manufacturer should have warned him that the helmet was ineffectual at speeds over 30 to 45 miles per hour. The district court granted summary judgment for the manufacturer, holding that the dangers of motorcycles are open and obvious. The Eleventh Circuit reversed. The court found that an issue of fact remained as to whether the helmet's safety at over 30 to 45 miles per hour was obvious, noting that plaintiff's experts testified that the average person would not know a helmet's safety at those speeds. *Id.*

Plaintiff claims that under *Sheckells,* an issue of fact remains in this case as a result of his experts' testimony that the average person would not understand the color black's lack of conspicuity. The Eleventh Circuit acknowledged in *Sheckells,* however, that Georgia cases indicate that the observable absence of a safety feature is likely an open and obvious danger. *Sheckells,* at

1535–36. Under Georgia law, a product with an open and obvious danger is not defective, and a manufacturer has no duty to warn of open and obvious dangers. *Id.*

Here, the lack of a safety feature—conspicuity—was observable from a simple visual inspection. Any person could draw the conclusion that a black bicycle helmet does not warn drivers of an approaching bicyclist. *See Kremann,* 1988 Prod.Liab.Rep. ¶ 11,850. It was open and obvious that the helmet was not a lighter color and that it did not have reflective material. The helmet, therefore, was not defective. Defendant also had no duty to warn of the open and obvious characteristics of the helmet. Accordingly, the Court holds that summary judgment is appropriate for defendant.

### Conclusion

For the foregoing reasons, defendant's motion for summary judgment [# 12–1] is GRANTED. The Court DENIES as moot plaintiff's motion for oral argument [# 18–2] and plaintiff's motion for leave to file a response to plaintiff's reply brief.

SO ORDERED.