## 47118. POPPELL v. WATERS.
## 47119. SCHWINN SALES SOUTH, INC. v. WATERS.

CLARK, Judge. These appeals are by defendants below from denials of motions for summary judgment certified for immediate review.

The plaintiff minor proceeding by next friend sued the manufacturer and seller of the product he was riding when injured, to wit a bicycle. He also sued the driver of the automobile which struck him on the bicycle but this defendant is not a party to either of the appeals.

The contention of the plaintiff with regard to the manufacturer and the seller is, in essence, that his bicycle had neither a headlight nor a front reflector, the absence of which played a significant part in the tragedy.

Specifically, plaintiff contends the manufacturer was negligent in designing, manufacturing and placing on the market a bicycle without a headlight or front reflector while having such devices available to it and despite knowing the safe use of the bicycle by young and immature persons such as plaintiff would have been increased thereby. The seller is alleged to have been negligent in selling the bicycle for essentially the same reasons.

There is a further allegation of negligence in that both manufacturer and seller are alleged to have failed to warn that it would be dangerous at times other than daylight hours for one who is young and lacking in mature judgment to ride a bicycle on the streets and highways without a headlight or front light reflector.

In another count, plaintiff proceeds against the manufacturer on the theory it breached an implied warranty that the bicycle was merchantable and fit for the ordinary purposes for which it was intended; that the manufacturer knew the bicycle was built for and would be used by a youngster in daylight, dusk, and dark, but nevertheless equipped it with only a rear reflector and not with a front headlight or reflector.

The evidence on summary judgment revealed that plaintiff's

parents purchased the bicycle from the seller in December 1967, as a Christmas present for plaintiff who was then nine or ten years old. The parents personally chose the particular bicycle from among a selection of varying styles some of which did have headlights. The parents testified in their depositions that their son had previously indicated to them his desire to have a bicycle with the "banana" style seat which is why they selected the particular bicycle they did. The mother was asked whether, when the bicycle was selected, she looked to see if there was a headlight on the front of the bicycle. She responded she knew it had no headlight; she could see that it did not have one. She also testified she had instructed her son not to ride at night. Her testimony was that on this occasion she had sent her son to the store just down the road (State Road 169) to get some bread for supper.

The father testified he was aware when he purchased the bicycle that it had neither a headlight nor a front reflector; that the ones that did have the lights were not the type his son wanted. He further testified he was aware a headlight could be purchased separately if one was wanted. He answered in the affirmative as to whether he cautioned his son not to be out on Highway 169 at nighttime.

The accident occurred more than two years after the bicycle was purchased and at a time when plaintiff was 12 years old. The plaintiff testified it was dusk when his mother sent him to the store after some hot dog rolls; that it is only about 200 yards to the store which is on the opposite side of the road from his house and could be seen from his front yard; that he had been to the store and was on his way back riding the bike in the middle of the highway to the right of the centerline; that he became aware of a car with lights on which was approaching from his rear so he decided to go ahead and cross on over to the other side to the ditch which was on the same side of the road as his house and about ten yards from his driveway. Plaintiff stated he had no light on his bicycle

but it was not actually dark and he could still see without a light.

Plaintiff was struck, not by the car which had approached him from the rear, but by a car which was coming from the opposite direction, it hitting plaintiff as he was crossing over to the ditch. *Held:*

1. With regard to the allegations of negligence which have been made against the manufacturer and seller, no cases have been called to our attention, nor has our own research disclosed any, in which it has been held that a bicycle manufacturer has a duty to design or manufacture or place on the market *only* bicycles which have a headlight or a front light reflector. We have found none imposing this duty upon sellers of bicycles. We must therefore be guided by the principles which have been established generally in product liability cases. We have reviewed numerous cases in the field of household items (Annot. 80 ALR2d 598), toys, games and athletic or sports equipment (Annot. 78 ALR2d 738), automobiles and other vehicles (Annot. 78 ALR2d 460) and industrial, business, or farm equipment (Annot. 78 ALR2d 594). "Manufacturer's or seller's duty as to product design as affecting his liability for product-caused injury" is the subject of an Annotation in 76 ALR2d 91. Cases relating to warnings required of manufacturer and seller regarding their products are collected in Annot. 76 ALR2d 9.

Generally, "'If a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands. We have not yet reached the state where a manufacturer is under the duty of making a machine accident proof or foolproof . . . [H]e is under no duty to guard against injury from a patent peril or from a source manifestly dangerous.'" *Stovall & Co. v. Tate,* 124 Ga. App. 605, 610 (184 SE2d 834), quoting from Campo v. Scofield, 301 N. Y. 468, 472

(95 NE2d 802). Nor is there a duty on the manufacturer or seller to warn of obvious common dangers connected with the use of a product. Jamieson v. Woodward & Lothrop, 247 F2d 23, 28 (D. C. Cir. 1957). See Frumer & Friedman, Products Liability, Vol. 1, § 6.04, p. 101 and § 8.04, p. 158. Cf. *Stovall & Co. v. Tate,* supra, and Ward v. Hobart Mfg. Co., 450 F2d 1176 (5th Cir. 1971).

The undisputed facts before the court below were that the absence of a headlight or front reflector was obvious and in fact actually observed by the parents-purchasers. It further appears that the parents-purchasers contemplated only daytime use by their son. They had previously instructed their son not to ride at night because it was dangerous.

2. No warranty can be implied that a bicycle obviously not equipped with a headlight or front reflector is intended for safe use at night. See Prosser, The Law of Torts (4th Ed.), Ch. 17, § 96, pp. 643, 644, which sets forth that it is well settled that the manufacturer's obligation is to design and manufacture a product for the ordinary purpose for which it was intended. The evidence is that the bicycle did function for the ordinary purposes for which it was intended for over two years.

3. The plaintiff also relies on the doctrine of "strict liability" and his able counsel has presented by brief an extensive collection of cases from 36 states which have adopted this rule with a persuasive argument for its application here. This court in *Stovall & Co. v. Tate,* 124 Ga. App. 605, (4) supra, declined to adopt this doctrine, pointing out that "If there is to be a departure in product liability from 'liability for fault' to 'liability without fault,' it should be via legislative enactment." It should be noted, however, that even under "strict liability," the doctrine has application to products with latent unobservable defects or dangers which are not obvious. Annot. 13 ALR3d 1057. The facts developed on summary judgment show that such was not the case here.

4. The trial court erred in denying the motions for sum-

mary judgment by both the manufacturer and the seller. *Judgment reversed in both cases. Eberhardt, P. J., and Deen, J., concur.*

ARGUED APRIL 6, 1972—DECIDED MAY 12, 1972— REHEARING DENIED MAY 30, 1972—

*Thomas & Howard, Robert B. Smith, Hubert H. Howard,* for Poppell.

*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell, John Gayner,* for Schwinn Sales.

*Ronald F. Adams,* for appellee.