## 55968. HUNT v. HARLEY-DAVIDSON MOTOR COMPANY, INC.

BIRDSONG, Judge.

Hunt brought suit against appellee Harley-Davidson Motor Co., Inc., alleging, in two counts, negligence and products liability, as a result of which he had sustained injury. The trial court granted summary judgment, as to both counts, in favor of appellee, and Hunt appeals. *Held:*

1. The uncontroverted evidence shows that Hunt purchased from a dealer a Harley-Davidson motorcycle, manufactured by appellee, and approximately six weeks after the purchase, appellant collided with the rear end of an automobile which he was following. As a result of the collision, appellant's leg was injured. Appellant stated in a deposition that the motorcycle was, at all times pertinent, in normal operating condition and that its brakes were functioning properly. Appellant's sole contention is that his injuries resulted from appellee's failure to install "crash bars," tubular steel bars which bolt to the motorcycle frame in front of the rider's knees. Appellant stated that, prior to the accident, he had many years' experience riding motorcycles, both with and without "crash bars," and that he was aware of their use

and purpose, as well as the dangers attendant upon riding a motorcycle unequipped with "crash bars." Finally, appellant stated that, at the time of purchase, he inquired of the vendor whether crash bars were available for his motorcycle, was unable to obtain them at that time, and made no formal order or request for their order or installation.

2. The issue presented is whether the manufacturer's product was "not merchantable and reasonably suited for the use intended" within the meaning of Code Ann. § 105-106. That section has been construed to mean "that the manufacturer's product when sold by the manufacturer was defective," *Center Chemical Co. v. Parzini*, 234 Ga. 868 (218 SE2d 580), and, according to Restatement of the Law, Torts 2d, 347, 351, § 402A, comment h: "A product is not in a defective condition when it is safe for normal handling and consumption. If the injury results from abnormal handling. . . the seller is not liable. Where, however, he has reason to anticipate that danger may result from a particular use. . . he may be required to give adequate warning of the danger. . . and a product sold without such warning is in a defective condition." The Restatement has been interpreted to mean that "a defective condition obtains *only* when 'the product is, at the time it leaves the seller's hands, in a condition not contemplated by the ultimate consumer, . . .' Sec. 402A com. g." Williams v. Brasea, Inc., 497 F2d 67, 79 (5th Cir. 1974) reh. den. 513 F2d 301 (5th Cir. 1975). As to the manufacturer's duty to warn, "[i]t is well-established that there is no duty resting upon a manufacturer or seller to warn of a product-connected danger which is obvious or generally known, or of which the person who claims to be entitled to the warning has actual knowledge. The same rule applies where it appears that the person using the product should know of the danger, or should in using the product discover the danger." 63 AmJur2d 60, Products Liability, § 51. This rule has manifested itself in the doctrine of assumption of the risk, which stipulates that "if the user or consumer discovers the defect and is aware of the danger, but nevertheless proceeds unreasonably to make use of the product he is barred from recovery." 63 AmJur2d 154, 155, Products Liability, § 150; *Center*

*Chemical Co. v. Parzini,* supra, p. 870.

3. The doctrine of "strict liability" has markedly increased the manufacturers' duty to design and produce "safe" goods. Although the benefits of safer products are certainly desirable, there is a point at which they are outweighed by the cost of attaining them. As the Supreme Court of this state has recognized: "Many products cannot be made completely safe for use and some cannot be made safe at all. However, such products may be useful and desirable. If they are properly prepared, manufactured, packaged and accompanied with adequate warnings and instructions, they cannot be said to be defective. To hold otherwise would discourage the marketing of many products because some dangers attended their use." *Center Chemical Co. v. Parzini,* supra, p. 870. Thus, this court has held: "Generally, ' "If a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands. We have not yet reached the state where a manufacturer is under the duty of making a machine accident proof or foolproof. . . [H]e is under no duty to guard against injury from a patent peril or from a source manifestly dangerous".' [Cits.]. . . Nor is there a duty on the manufacturer or seller to warn of obvious common dangers connected with the use of a product. [Cit.]" *Poppell v. Waters,* 126 Ga. App. 385, 387 (190 SE2d 815). The *Poppell* court observed that "even under 'strict liability,' the doctrine has application to products with latent unobservable defects or dangers which are not obvious. Annot. ALR3d 1057." Id., p. 388.

4. "As to the product-design duty of a manufacturer, the standard which the courts have established is the traditional one of reasonable care. . . A manufacturer or a seller does not have the status of an insurer as respects products design. Since it is patent that virtually any article, of whatever type or design, is capable of producing injury when put to particular uses or misuses, a manufacturer has no duty so to design his product as to render it wholly incapable of producing injury. . ."

63 AmJur2d 70, Products Liability, § 63. "To impose upon a manufacturer the duty of producing an accident-proof product may be a desirable aim, but no such obligation has been — or, in our view, may be — imposed by judicial decision." Campo v. Scofield, 301 N.Y. 468 (95 SE2d 802).

A motorcycle by its nature subjects the rider to a greater risk of injury than other forms of transportation; neither the legislature nor the common law has imposed upon the motorcycle manufacturer the duty of installing crash bars and we also decline to do so. As the facts show that the appellee did not breach its duty to design and manufacture its product for the ordinary purposes for which it was intended, the trial court did not err in granting summary judgment for the appellee. See *Poppell v. Waters,* supra; Williams v. Brasea, Inc., supra; Orfield v. International Harvester Co., 535 F2d 959 (6th Cir. 1976); Mather v. Caterpillar Tractor Corp., 23 Ariz. App. 409 (533 P2d 717).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED MAY 22, 1978 — DECIDED JULY 13, 1978 — REHEARING DENIED JULY 31, 1978 — 

*Frank M. Eldridge, Curtis R. Richardson,* for appellant.

*N. Forrest Montet, David M. Leonard, Greene, Buckley, DeRieux & Jones, Raymond H. Vizethann, Jr.,* for appellee.