**Raymond COLSON, Plaintiff-Appellant,**

v.

**ALLIED PRODUCTS CORPORATION, Defendant-Appellee.**

No. 80–7813
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 16, 1981.

M. Stan Ballew, David Kelley, Tifton, Ga., for plaintiff-appellant.

F. Thomas Young, Atty. at Law, Valdosta, Ga., for defendant-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

In this products liability action, Raymond Colson seeks to recover damages for injuries sustained when he was struck by a rock thrown by a "bush hog" rotary mowing machine manufactured by defendant Allied Products Corporation. The district court granted defendant's motion for summary judgment, holding there was no evidence the mower was defective and even if it was, plaintiff could not recover because he was fully aware of the propensity of the mower to throw rocks yet assumed the risk by placing himself in a position to be hit. The issue on appeal is whether the court correctly applied Georgia strict liability law in granting defendant summary judgment. We affirm.

The material facts surrounding the accident are not in dispute. Colson and a fellow employee, Jason Byrd, were engaged in clearing a utility right-of-way. Both were driving tractors with bush hog mower attachments. Neither mower had guarding to prevent rocks or other objects from striking the cutting blade and being hurled into the air. As Colson and Byrd were mowing toward each other from opposite directions and about fifteen feet apart, Byrd's bush hog threw a rock which hit plaintiff in the eye, causing permanent loss of vision.

Georgia's strict liability statute provides that a manufacturer is liable if his product "when sold . . . was not merchantable and reasonably suited to the use intended and its condition when sold is the proximate cause of the injury sustained." Ga.Code Ann. § 105–106(b)(1). The Georgia Supreme Court has interpreted the statute to impose strict liability only upon a showing that the product is defective in its manufacture, packaging or failure to adequately warn of its dangerous propensities. *Center Chemical Co. v. Parzini*, 234 Ga. 868, 218 S.E.2d 580 (Ga.1975). The manufacturer is not an insurer and is not liable merely because a product may be dangerous.

Many products can not be made completely safe for use and some can not be made safe at all. However, such products may be useful and desirable. If they are properly prepared, manufactured, packaged and accompanied with adequate warnings and instructions, they can not be said to be defective. To hold otherwise would discourage the marketing of many products because some danger attended their use. We find nothing in Code Ann. § 105–106 that makes a manufacturer strictly liable for such products absent a defect.

*Id.* 218 S.E.2d at 582.

■ Colson alleges the bush hog involved in the accident was defective because it lacked guarding to prevent objects from being thrown if they hit the cutting blade. While plaintiff correctly asserts it is irrelevant to the manufacturer's liability that plaintiff's employer could have purchased the mower with guarding but chose not to, the lack of guarding by itself did not render the product defective and unsuited for its intended use. Although plaintiff stated in his affidavit that guarding would not have hampered mowing the particular field being cleared on the day of the accident, the uncontradicted evidence was that bush hogs were often used to clear fields with heavy underbrush and tree stumps, and guarding would obstruct the flow of such matter into the mower blades. *See* Affidavit of W. P. Bryan, III; Affidavit of J. Gordon Davis; Deposition of Raymond Colson at 71. Though potentially dangerous, the mower was suited for its intended use and the fact it was sold without guarding did not render it defective under Georgia law.

■ Plaintiff has failed to allege other facts which would tend to show the mower was defective in its design or manufacture. Although plaintiff questions the adequacy of the manufacturer's warning regarding the danger of operating a bush hog without guarding, to recover on this basis the failure to adequately warn must have been the proximate cause of the injury, and it is undisputed that plaintiff knew of the danger.

Even if the lack of guarding could be considered a defect, it presented an obvious danger of which plaintiff was fully aware. Under Georgia law, a manufacturer is under no duty to guard against injury from a patent peril or from a source manifestly dangerous. Nor is there a duty to warn of obvious common dangers connected with the use of a product. *Hunt v. Harley-Davidson Motor Co.*, 147 Ga.App. 44, 248 S.E.2d 15, 16 (1978). *See Stokes v. Peyton's, Inc.*, 526 F.2d 372, 375 (5th Cir. 1976); *Stovall & Co. v. Tate*, 124 Ga.App. 605, 184 S.E.2d 834 (1971) (pre-strict liability case where the court observed in dictum that the plaintiff, who was hit in the eye by a rock thrown by a mower, would not be entitled to recover under strict liability because the absence of a deflection device was obvious). " '[I]f the user or consumer discovers the defect and is aware of the danger, but nevertheless proceeds unreasonably to make use of the product, he is barred from recovery.' 63 Am.Jur.2d 155, § 150." *Parzini*, 218 S.E.2d at 582. It is undisputed that Colson, who had worked with bush hogs for approximately seven years prior to the accident, knew his employer's mowers did not have guarding and would throw rocks. He had seen them do so numerous times. He had also been warned by his foreman not to operate the bush hogs too closely together. Thus, since plaintiff knew of the danger yet assumed the risk by maneuvering his bush hog too closely to that of his co-worker, he is precluded from recovering under Georgia law. We reject as spurious the argument that Colson could not have assumed the risk because he was unaware that if the bush hog had guarding it would not throw rocks, and that he therefore did not have actual knowledge the product was defective.

AFFIRMED.