## 65515. GIORDANO v. FORD MOTOR COMPANY.

BANKE, Judge.

Believing his stalled 1979 Jeep to have run out of gasoline, Giordano purchased approximately two gallons of gasoline from a service station, poured most of it into the vehicle's tank, and used a small quantity to prime the carburetor. When the engine did not start, Giordano repeated the process, priming the carburetor with another small quantity of gasoline poured from a cup while a service station employee turned on the ignition. A ball of fire erupted from the carburetor, igniting Giordano's shirt and resulting in severe burns to his upper torso.

The vehicle's carburetor was manufactured by Ford Motor Company (Ford), and sold to Jeep Corporation, which had assembled the vehicle. Neither company had warned about the proper methods or the risks of priming the carburetor.

Giordano brought suit against both manufacturers based on the doctrine of strict liability. In this appeal from a grant of summary judgment to Ford, Giordano argues that Ford had a duty to warn of the dangers inherent in priming the carburetor. *Held:*

1. The initial question for determination is whether Ford may escape liability because its carburetor was but a component of the entire vehicle assembled by Jeep Corporation. In *Eyster v. Borg-Warner Corp.,* 131 Ga. App. 702 (206 SE2d 668) (1974), this court held that where a product is sold to a particular group or profession, the manufacturer has no duty to warn against risks generally known to that group or profession; however, that case involved the risk resulting from an improper installation of a component by the assembler, whereas in this case, there is no evidence that the carburetor was installed in an improper manner. Generally, the determination of whether the component manufacturer is insulated from liability depends upon the extent to which the product is altered by the assembler before it reaches the ultimate user. As we held in *Talley v. City Tank Corp.,* 158 Ga. App. 130, 137 (279 SE2d 264) (1981), it would be "an unwarranted extension of the theory of strict liability" to ignore significant changes to the product made by an intermediary. However, where the product reaches the ultimate user essentially in its original state, as the carburetor in the instant case apparently did, the manufacturer is not necessarily absolved from the duty to warn, if such a duty would otherwise exist. Normally, the determination of the extent and effect of any modifications made to a component will be a matter for jury resolution (*Thebaut v. McCloskey Varnish Co.,* 162 Ga. App. 651 (291 SE2d 398) (1982)), and, in some situations, a duty to warn may be

shared by both the component manufacturer and the assembler. Cf. *Pierce v. Liberty Furn. Co.,* 141 Ga. App. 175 (233 SE2d 33) (1977); 63 AmJur2d 136, Products Liability, § 131. In the case before us now, the undisputed facts of record do not establish as a matter of law that the appellant's injury resulted from the installation of the carburetor rather than from its original design.

2. OCGA § 51-1-11 (b) (1) (Code Ann. § 105-106) provides that "[t]he manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be effected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained." The term "not merchantable and reasonably suited to the use intended" as used in this statute means "defective." *Center Chem. Co. v. Parzini,* 234 Ga. 868 (2), 869 (218 SE2d 580) (1975). The existence of a defect is crucial, because a manufacturer is not an insurer against all risks of injury associated with its product. *Hunt v. Harley-Davidson Motor Co.,* 147 Ga. App. 44 (248 SE2d 15) (1978); *Poppell v. Waters,* 126 Ga. App. 385 (190 SE2d 815) (1972).

There appears to be no dispute that the carburetor on the appellant's Jeep was merchantable and reasonably suited to the general use intended, i.e., supplying the engine with vaporized fuel mixture. The determinative issue is whether Ford owed a duty to warn of any inherent dangers relative to priming a carburetor.

"A product is not in a defective condition when it is safe for normal handling and consumption. If the injury results from abnormal handling . . . the seller is not liable. Where, however, he has reason to anticipate that danger may result from a particular use . . . he may be required to give adequate warning of the danger . . . and a product sold without such warning is in a defective condition." Restatement of the Law, Torts 2d, 347, 351, § 402A, comment h. See also *Center Chem. Co. v. Parzini,* supra, at 869-870; *Talley v. City Tank Corp.,* supra. However, "there is no duty resting upon a manufacturer or seller to warn of a product-connected danger which is obvious or generally known . . . The same rule applies where it appears that the person using the product should know of the danger, or should in using the product discover the danger." 63 AmJur2d 60, Products Liability, § 51. See *Stodghill v. Fiat-Allis Const. Machinery,* 163 Ga. App. 811 (295 SE2d 183) (1982); *Poppell v. Waters,* supra.

Whether a duty to warn exists thus depends upon foreseeability of the use in question, the type of danger involved, and the foreseeability of the user's knowledge of the danger. See *Greenway v.*

*Peabody Intl. Corp.,* 163 Ga. App. 698 (294 SE2d 541) (1982). Such matters generally are not susceptible of summary adjudication and should be resolved by a trial in the ordinary manner. *Beam v. Omark Indus.,* 143 Ga. App. 142, 145 (237 SE2d 607) (1977).

In the case before us now, the questions of foreseeability which are determinative of the manufacturer's duty to warn are not subject to summary adjudication. Although there was deposition testimony by employees of the service department of the Jeep dealer that common sense dictated caution in priming a carburetor, we cannot conclude as a matter of law that the danger was obvious or generally known. Because genuine issues of material fact remain as to whether (1) priming the carburetor was a foreseeable use and (2) the danger of erupting fuel was obvious or generally known, we hold that the trial court erred in concluding that Ford had no duty to warn of the danger as a matter of law. A jury issue also exists, of course, as to whether the appellant had actual knowledge of the danger and thus assumed the risk. See generally *Stodghill v. Fiat-Allis Const. Machinery,* supra, at 812-813.

*Judgment reversed and case remanded. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 25, 1983 —
REHEARING DENIED MARCH 7, 1983 — 

*Gregory T. Jones,* for appellant.
*John G. Parker, W. Anthony Moss, Ben. L. Weinberg,* for appellee.