A93A0657. VAX v. ALBANY LAWN & GARDEN CENTER et al.
(433 SE2d 364)

SMITH, Judge.

Rita Vax was injured in 1988 while mowing her lawn when the riding mower her husband had purchased in 1981 "reared up," causing her to fall and injure her leg on the blade. She brought suit against the manufacturer of the mower, the distributor, and the retailer, alleging claims of negligence, strict liability, and breach of warranty. She appeals from the trial court's grant of summary judgment in favor of the defendants. We affirm.

It is unclear which warranties Vax claims were breached, and the argument in her brief is directed at the claims of negligence and strict liability. Her claims stem from her contention that the absence of a "smooth start clutch" and a "deadman control" (a device that stops the mower when the operator leaves the seat), which features were incorporated into later model mowers, rendered the mower defective in design, making the manufacturer, Snapper Power Equipment, strictly liable for her injuries. She also contended Snapper was negligent in concealing the defect and in failing to advise her of the existence of conversion kits available to add the "smooth start clutch" feature.

1. Whether sounding in negligence or product liability, Vax's claim is essentially that the mower she bought was not the safest machine available at the time of her injury. The law does not require, however, that a manufacturer produce or sell only the safest products it is capable of making. *Weatherby v. Honda Motor Co., Ltd.*, 195 Ga. App. 169, 170 (393 SE2d 64) (1990); *Stovall & Co. v. Tate*, 124 Ga. App. 605, 611 (1) (184 SE2d 834) (1971). "Generally, [i]f a manufac-

turer does everything necessary to make the machine function properly for the purpose for which it is designed, if [it] is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands." (Citations and punctuation omitted.) *Poppell v. Waters*, 126 Ga. App. 385, 387 (1) (190 SE2d 815) (1972). Vax admitted that the absence of the two devices did not render the mower unsuitable for cutting grass, its intended use and, in fact, admitted she had experienced no "mechanical" problems with the mower. Although not binding on this court, we agree with the reasoning in *Pressley v. Sears-Roebuck & Co.*, 738 F2d 1222 (11th Cir. 1984), and concur in its conclusion that the absence of devices such as a deadman control does not make a lawnmower defective. Id. at 1224.

Moreover, the absence of the features in issue was not concealed. It was clear when the mower was purchased that it lacked these features, which were developed later. Although their absence may not have been apparent immediately simply by viewing the lawnmower, here, as in *Barnes v. Harley-Davidson Motor Co.*, 182 Ga. App. 778 (357 SE2d 127) (1987), the alleged defects were admittedly evident when the mower was operated. Even assuming the absence of these features was a defect, the fact that the defect was not latent but open and obvious constitutes an absolute legal defense to Vax's claim of negligent manufacture or design. See *Stodghill v. Fiat-Allis Constr. Machinery*, 163 Ga. App. 811, 814 (295 SE2d 183) (1982); *Greenway v. Peabody Intl. Corp.*, 163 Ga. App. 698 (294 SE2d 541) (1982). Despite criticism of the "open and obvious" rule, it remains the law in this state. *Weatherby v. Honda Motor Co., Ltd.*, supra at 170. Further, no duty exists to warn of obvious common dangers associated with the use of a product. *Hunt v. Harley-Davidson Motor Co.*, 147 Ga. App. 44, 45 (248 SE2d 15) (1978). Accordingly, summary judgment was properly granted to Snapper.

2. Because the mower was not defective, summary judgment in favor of the distributor, Potter Motor Company, and the retailer, Albany Lawn & Garden Center, on the negligence claim was proper as well. Moreover, not being manufacturers, neither Potter nor Albany Lawn could be held strictly liable under a theory of strict liability. *Ellis v. Rich's, Inc.*, 233 Ga. 573, 577-578 (212 SE2d 373) (1975).

*Judgment affirmed. Johnson, J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED JUNE 23, 1993 —
RECONSIDERATION DENIED JULY 9, 1993.

*Langley & Lee, Donald W. Lee*, for appellant.
*Watson, Spence, Lowe & Chambless, Mark A. Gonnerman,*

*Dawn G. Benson, Perry, Walters & Lippitt, R. Edgar Campbell*, for appellees.